1

2

3

4

5              UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7  UNITED ASSOCIATION OF
   PLUMBERS AND STEAMFITTERS          NO:  13-CV-0091-TOR
8  LOCAL 44,
                                      ORDER DENYING DEFENDANT'S
9                    Plaintiff,       MOTION TO DISMISS AND
                                      GRANTING PLAINTIFF'S MOTION
10      v.                            FOR SUMMARY JUDGMENT

11  IRWIN-YAEGER, INC.,

12                    Defendant.

13

14      BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF

15  No. 7); Defendant's Motion to Dismiss (ECF No. 4); and Defendant's Motion to

16  Conduct Additional Discovery Pursuant to Rule 56(d) (ECF No. 10).  These

17  matters were heard with telephonic oral argument on June 28, 2013.  Kristina M.

18  Detwiler appeared on behalf of the Plaintiff.  Ryan D. Yahne appeared on behalf of

19  the Defendant.  The Court has reviewed the briefing and the record and files

20  herein, and is fully informed.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

BACKGROUND

Plaintiff seeks to confirm and enforce a $32,400 award issued by a joint labor-management grievance committee pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Defendant seeks an order compelling Plaintiff to submit the underlying dispute to arbitration.  For the reasons discussed below, the Court concludes that the underlying dispute is not subject to arbitration and that Plaintiff is entitled to summary judgment.

FACTS

Plaintiff United Association of Plumbers and Steamfitters Local 44 ("Local 44") and Defendant Irwin-Yaeger, Inc., doing business as Summit Mechanical ("Summit"), are parties to a collective bargaining agreement ("CBA").  In April 2012, Local 44 filed a grievance against Summit alleging that Summit violated the CBA by using a non-union welding contractor on a construction project at Eastern Washington University.  Pursuant to the CBA, a grievance hearing was scheduled for May 7, 2012, before the Joint Conference Board ("JCB").

At the hearing, the JCB took evidence from both parties.  Later that day, the JCB issued a unanimous decision finding that Summit had violated the CBA by employing a non-union welder.  ECF No. 5-3.  The JCB further determined that Summit was liable to Local 44 in the amount of $32,400 as a result of the violation.  ECF No. 5-3.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

On May 14, 2012, Summit advised Local 44 that it would be "exercis[ing] its rights under 15.2 of the [CBA] . . . by electing to submit this grievance to arbitration." ECF No. 5-4. Local 44 responded on May 17, 2012, indicating that the JCB award was final and that the CBA's grievance procedures did not allow for subsequent arbitration. ECF No. 5-5. One week later, Summit advised Local 44 that it had reviewed the CBA's grievance procedures and concluded that it was within its rights to demand arbitration. ECF No. 5-6.

Local 44 filed this lawsuit on March 5, 2013, seeking to confirm and enforce the JCB award and to recover its attorney's fees and costs. ECF No. 1. On April 26, 2013, Summit moved to dismiss the suit for failure to state a claim, or, in the alternative, to stay the proceedings and compel arbitration. ECF No. 4. While Summit's motion was still pending, on May 17, 2013, Local 44 filed a motion for summary judgment. ECF No. 7. Summit responded to the motion and requested leave to conduct additional discovery pursuant to Federal Rule of Civil Procedure 56(d). ECF No. 10.

## DISCUSSION

A motion to dismiss "tests the legal sufficiency of a [plaintiff's] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff is not required to establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id.*

Summary judgment may be granted under Rule 56(a) upon a showing by the moving party "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom,

1    in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372,

2    378 (2007).  Finally, the court may only consider evidence that would be

3    admissible at trial.  *Orr v. Bank of America,* 285 F.3d 764 (9th Cir. 2002).

4    **A. Summit's Motion to Dismiss**

5    　　The dispositive issue for purposes of Summit's motion to dismiss is whether

6    Section 15 of the CBA allows a party to submit a grievance to arbitration after the

7    JCB renders a decision adverse to that party.  Summit reads the CBA to provide for

8    arbitration "when either party is not satisfied with the [JCB's] decision."  ECF No.

9    4 at 12.  In its view, the CBA contemplates a three-step grievance procedure which

10    begins with an informal attempt at resolution between the parties, proceeds to a

11    hearing before the JCB if the dispute cannot be resolved informally, and ultimately

12    culminates in arbitration if either party is "unsatisfied" with the JCB's decision.

13    According to Summit, the fact that the CBA provides for binding arbitration

14    indicates that the drafters of Section 15 did not intend for decisions issued by the

15    JCB to be final and binding upon the parties.  ECF No. 4 at 18-20.

16    　　Local 44, for its part, insists that decisions issued by the JCB are final and

17    may not be submitted to arbitration.  Under its reading of Section 15, arbitration is

18    reserved for a narrow category of cases in which the JCB is unable to reach a

19    majority decision.  Because the JCB consists of three union representatives and

20    three management representatives, Local 44 reasons, there will be certain cases in

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

which the JCB "deadlocks" and is unable to resolve the dispute.  Only in those rare

cases, Local 44 asserts, may either party submit the grievance to arbitration.

It is well-settled that arbitration agreements are "matter[s] of contract."

*Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).  Hence,

the Court must look to the text of the CBA to determine whether the underlying

dispute is arbitrable.  The applicable portion of Section 15 reads as follows:

<u>ARTICLE 15</u> GRIEVANCE AND ARBITRATION PROCEDURE

15.1.  In the event of any dispute between the parties of this
Agreement as to the rights and/or obligations under this Agreement, a
representative of the Union and a representative of the Employer shall
immediately be notified.  Every possible effort shall be made by the
Local Union and the Employer to settle the dispute before the
subsequent provisions of this article are invoked.

In the event that a dispute is not settled under the provisions of
this section, it shall be referred to the Joint Conference Board within a
thirty (30) day period from the time of the infraction.  The Joint
Conference Board shall be composed of three (3) representatives of
Local 44 and three (3) from the signatory contractors.  Said committee
shall meet within ten (10) working days following receipt of written
notice to the Union and to the Contractor from either of the parties to
the dispute.  Where charges of violation of the Agreement are
received by the Joint Conference Board, a forty-eight (48) hour notice
must be given to the alleged violator by the Board stating the specific
time and place of the meeting.  A notice must be forwarded by
registered mail. . . . The aggrieved party shall address its demand to
the Board in writing.  The charge shall concisely detail the alleged
violation, define the issue or issues in dispute and state the position of
the charging party.

When second notice has been forwarded and the employer or
his representative fails to appear at the place and time designated, the
hearing shall be in their absence.  The Joint Conference Board

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

reserves the right to make the final decision in any dispute and final interpretation of any of the provisions of this agreement.

The Joint Conference Board, upon rendering its decision shall state clearly all monetary sums due.  The time frame in which they shall be paid will be within ten (10) days of the decision excluding weekend and or [sic] holidays.  All expenses incurred in the collection of said fines shall be the responsibility of the party being fined.

15.2.  **In the event a grievance is not settled satisfactorily by the Joint Conference Board within five (5) working days after having been first considered by such Joint Conference Board, the Union or the Contractor may elect to submit such grievance to impartial arbitration** by notifying the other party and the affected Employer in writing to that effect. . . .

15.3.  The decision or award of the impartial arbitrator shall be final and binding upon all parties.  The impartial arbitrator shall have no authority to add to, subtract from, or modify the terms of this Agreement.

ECF No. 5-1 (emphasis added).

Section 15.2 above is the source of the present disagreement.  The plain language of this provision makes arbitration contingent upon a grievance not being "settled satisfactorily" by the JCB.  But this begs the question: what does it mean for a dispute to be "settled satisfactorily"?  Summit interprets this phrase to mean "resolved in a manner which is acceptable to both parties."  Local 44, on the other hand, reads this language to mean "resolved via a majority decision issued by the JCB."  Both parties reluctantly concede that this language is facially ambiguous.

Nevertheless, applying traditional principles of contract interpretation, the Court finds that Local 44's interpretation is more consistent with the text of the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

grievance and arbitration provision taken as a whole.  *See United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 375 (1990) (resorting to "traditional principles of contract interpretation" to conclude that language of collective bargaining agreement did not allow individual employees to pursue § 301 claim against their union).  Notably, Section 15.1 provides that the JCB "reserves the right to make the final decision in any dispute."  ECF No. 5-1 at 18.  This language strongly suggests that the drafters of the CBA intended for the JCB's decisions to be final and binding unless the JCB is either unwilling or unable to render a decision (*e.g.*, for case-specific discretionary reasons, due to the passage of more than five business days, or for lack of a majority vote).  As Local 44 correctly notes, adopting Summit's interpretation would effectively render this language meaningless; if a party could unilaterally declare itself "dissatisfied" with the JCB's decision and submit the matter to arbitration, the JCB's right to issue a "final decision" would be eviscerated.

    In addition, Section 15.2 contains a time limitation which does not comport with Summit's interpretation of the phrase "settled satisfactorily."  Specifically, Section 15.2 provides that either party may elect to submit a grievance to arbitration "[i]n the event a grievance is not settled satisfactorily by the Joint Conference Board *within five (5) working days after having been first considered* . . ."  ECF No. 5-1 at 19 (emphasis added).  If the drafters of the CBA intended to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

allow grievances to be submitted to arbitration any time a party deems itself

subjectively dissatisfied with a decision reached by the JCB, it almost certainly

would not have included this language.  Because a party cannot begin to evaluate

its subjective level of satisfaction until the JCB has actually rendered a decision, it

would make little sense to condition a party's right to arbitrate upon the JCB not

rendering a decision quickly enough.  Indeed, a party whose grievance remains

pending after five working days can hardly know whether it will be "satisfied" or

"dissatisfied" with the JCB's ultimate decision.  The more logical approach is to

construe this limitation as a timeframe within which the JCB must either announce

a decision or forfeit its right to decide the matter with finality.

       Finally, the Court is not persuaded that the "presumption of arbitrability"

invoked by Summit applies in this circumstance.  A careful review of the

authorities cited by Summit illustrates that the presumption of arbitrability only

applies in situations where the parties to a CBA dispute whether a particular *type*

of grievance falls within the *scope* of an arbitration clause.  Where, for example, a

dispute arises as to whether laying off union workers and replacing them with

contract employees is "strictly a function of management," such that grievances

arising therefrom are exempted from an otherwise broad arbitration clause, courts

must resolve any doubts in favor of arbitration.  *Warrior & Gulf Navigation*, 363

U.S. at 583-85; *see also Yakima Cnty. Law Enforcement Officers Guild v. Yakima*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

*Cnty.*, 133 Wash. App. 281, 285-87 (2006) (applying presumption of arbitrability to dispute over whether officer's termination on "not fit for duty" grounds fell within the scope of broad CBA arbitration clause).  But where, as here, the issue is whether arbitration is even available as a remedy in the first instance, there is no basis for applying the presumption.  In this circumstance, the relevant question is whether the parties have *contracted* to make arbitration a standard feature of their dispute resolution process.  *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 684 (1986).  Providing for arbitration as an *alternative* remedy of last resort—where, for example, a joint labor-management grievance committee is unable to reach a majority decision—simply does not warrant a presumption that *all* disputes are arbitrable.  Accordingly, Summit's motion to dismiss is denied.

**B. Local 44's Motion for Summary Judgment**

In light of the Court's rulings above, the only remaining issues are (1) whether Local 44 is entitled to enforce the JCB award pursuant to Section 301(a) of the LMRA; and (2) whether Local 44 may recover its attorney's fees and costs pursuant to the CBA.  Section 301(a) creates a federal cause of action for violations of a collective bargaining agreement between an employer and a labor union.  29 U.S.C. § 185(a).  Among other remedies, § 301(a) allows litigants to pursue orders compelling arbitration, *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976), to enforce final and binding awards of joint labor-

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

management grievance boards, *Gen. Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963), and to vacate arbitration awards, *United Steelworkers of Am. v. Enter. Wheel and Car Corp.*, 363 U.S. 593, 597 (1960).

### 1. Enforcement of JCB Award

Local 44 argues that Summit waived its defenses to enforcement of the JCB award by failing to move to vacate the award within the applicable statute of limitations. ECF No. 7 at 7-10; ECF No. 17 at 9-12. An action to vacate an arbitration award under § 301 "must be filed within the applicable limitation period prescribed by the forum state." *Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty. v. Celotex Corp.*, 708 F.2d 488, 490 n. 2 (9th Cir. 1983). In Washington, the applicable statute of limitations is ninety (90) days. *See* RCW 7.04A.230(2) (action to vacate an arbitration award "must be filed within ninety days after the movant receives notice of the award"); *see also Sheet Metal Wokers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc.*, 831 F.2d 1509, 1514 (9th Cir. 1987) (applying Washington's one-year statute of limitations for actions to enforce arbitration awards to analogous actions under § 301). Failure to file an action to vacate an unfavorable award within this period "bars the [losing] party from asserting affirmative defenses in a subsequent proceeding to confirm the award." *Bhd. of Teamsters and Auto Truck Drivers*, 708 F.2d at 490 (citing *Sheet Metal*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

*Workers Int'l Ass'n, Local 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983)).

One difficulty posed by Local 44's waiver argument is that the award at issue in this case is not an *arbitration* award.  Given that Section 15 of the CBA draws a clear distinction between "impartial arbitration" and proceedings before the Joint Conference Board, holding Summit to the ninety-day statute of limitations for moving to vacate an "arbitration" award under RCW 7.04A.230(2) poses a potential inequity.

Nevertheless, the law has long been settled and it is clear that joint labor-management committee decisions are entitled to the same binding force and effect as arbitration awards.  *Sheet Metal Workers Ass'n Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 744 (9th Cir. 1985) ("Joint panel awards are entitled to the same degree of deference as those entered by arbitrators.") (citing *Gen. Drivers*, 372 U.S. at 519).  Accordingly, actions to vacate such awards must be filed within the statute of limitations applicable to vacation of arbitration awards under state law.  *See Bhd. of Teamsters and Auto Truck Drivers*, 708 F.2d at 490 (striking defenses to enforcement of a joint labor-management committee award where employer failed to move to vacate award within statute of limitations applicable to actions to vacate arbitration awards under state law); *Int'l Bhd. of Elec. Workers, Local Union No. 226 v. Wichita Elec. Co.*, 2005 WL 466206 at *2-

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

*4, No. 04-4028-JAR (D. Kan., Feb. 4, 2005) (holding that "labor-management committee decisions are final and binding arbitration awards" for statute of limitations purposes).  Given that Summit did not file an action to vacate the JCB award within ninety days, the Court finds that it has waived any affirmative defenses which would otherwise be available.  *Bhd. of Teamsters and Auto Truck Drivers*, 708 F.2d at 490.

  2.  Attorney's Fees and Costs

  Local 44 asserts that it is entitled to an award of costs incurred in prosecuting this action, including reasonable attorney's fees, pursuant to Section 15.1 of the CBA.  ECF No. 7 at 12-13.  Section 15.1 provides, in relevant part:

> The Joint Conference Board, upon rendering its decision shall state clearly all monetary sums due.  The time frame in which they shall be paid will be within ten (10) days of the decision excluding weekend[s] and or holidays.  **All expenses incurred in the collection of said fines shall be the responsibility of the party being fined.**

ECF No. 5-1 at 19 (emphasis added).

  Summit contends that any award of "expenses" pursuant to this provision must be limited to costs actually incurred and must not include attorney's fees.  The Court agrees.  Under Washington law, "unless there is a contract, statute or recognized ground of equity, attorney fees will not be awarded as a part of the costs of litigation."  *Haner v. Quincy Farm Chems., Inc.*, 97 Wash.2d 753, 757, (1982).  Unless the parties to a contract indicate otherwise, the terms "costs" and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

"expenses" are deemed to have the same meaning.  *See First Fed. Sav. and Loan Ass'n of Walla Walla v. City of W. Richland*, 39 Wash. App. 401, 408 (1985). "[T]he term 'costs' in the absence of statute or agreement does not include counsel fees."  *Id.* (internal citation omitted).

The 'American Rule' is that absent statute or enforceable contract, litigants pay their own attorneys' fees.  *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975); *Summit Valley Industries Inc. v. Local 112, United Broth. of Carpenters and Joiners of America*, 456 U.S. 717, 723 (1982) (a statutory right to "damages" does not include an implicit authorization to award attorney's fees).

Accordingly, Local 44 is entitled to costs, but not attorney's fees, incurred in prosecuting this action.  Local 44 shall submit a verified bill of costs, pursuant to Local Rule 54.1, within 14 days after entry of this Order.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 4) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 7) is **GRANTED**.

   Local 44 shall submit a verified bill of costs, pursuant to Local Rule 54.1, within 14 days after entry of this Order.

3. Defendant's Motion to Conduct Additional Discovery Pursuant to Rule 56(d) (ECF No. 10) is **DENIED as moot**.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    The District Court Executive is hereby directed to enter this Order, provide

2    copies to counsel, enter **JUDGMENT** for Plaintiff in the amount of $32,400, and

3    **CLOSE** the file.

4    **DATED** July 3, 2013.

5

6    THOMAS O. RICE
     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO DISMISS and
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16